IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Bridget T. M., | ) |
|       Plaintiff, | ) ) ) |
| | ) Case No.: 21-cv-50290 |
| v. | ) |
| | ) Magistrate Judge Margaret J. Schneider |
| Martin J. O'Malley, | ) |
| Commissioner of Social Security,[1] | ) ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff, Bridget T. M., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. The parties have filed cross motions for summary judgment [14], [20]. For the reasons set forth below, the Court affirms the Commissioner's decision.

**BACKGROUND**

**A. Procedural History**

    On September 18, 2018, Bridget T. M. ("Plaintiff") filed for disability and disability insurance benefits. R. 19. This application alleged a disability beginning on February 13, 2018. *Id*. The Social Security Administration ("Commissioner") denied her application on March 25, 2019, and upon reconsideration on July 30, 2019. *Id*. Plaintiff filed a written request for a hearing on August 22, 2019. *Id*. On September 1, 2020, a telephonic hearing was held by Administrative Law Judge ("ALJ") Lovert F. Bassett where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id.* Craig S. Johnston, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

    On December 16, 2020, the ALJ issued his written opinion denying Plaintiff's claims for disability and disability insurance benefits. R. 19-29. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [9]. Now before the Court are Plaintiff's motion for summary judgment [14], the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [20], and Plaintiff's reply brief [21].

---

[1] Martin J. O'Malley has been substituted for Kilolo Kijakazi. Fed. R. Civ. P. 25(d).

1

### B. The ALJ's Decision

In his ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the alleged onset date of February 13, 2018. R. 21. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity and degenerative changes in the left shoulder. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 24.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work. R. 24. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a credit analyst. R. 28. Based on his conclusion that Plaintiff could perform past relevant work, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from February 13, 2018, through the date of decision, December 16, 2020, and the ALJ did not proceed to step five. *See* 20 C.F.R. § 416.920. R. 28-29.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

**DISCUSSION**

Plaintiff argues that the ALJ (1) erred by failing to provide a logical bridge between the evidence and his conclusions and (2) erred by "cherry picking" evidence supporting a finding of non-disability. The Court concludes that the ALJ adequately considered the evidence and affirms the decision.

The ALJ found that Plaintiff has medically determinable mental impairments, specifically neurocognitive disorder secondary to traumatic brain injury ("TBI"), depression, and anxiety, but that these impairments are not severe because they "do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities." R. 22-24. In support of that conclusion, the ALJ evaluated the "paragraph B" criteria listed in 20 C.F.R. § 404, Subpart P, Appendix 1 to determine the level of Plaintiff's limitations in four broad categories of mental functioning. He found that Plaintiff had mild limitations in three of the categories, and no limitation in the fourth. R. 22-24. Based on these conclusions, he determined that Plaintiff could perform her past work as a credit analyst.

Plaintiff argues that the ALJ erred by selectively reviewing evidence related to the severity of her mental limitations, by over-emphasizing evidence in support of a non-disability finding, and by ignoring conflicting evidence. Due to this failure to properly confront the evidence, Plaintiff argues that the ALJ did not build a logical bridge between the evidence and his conclusions (1) that her mental limitations are not severe and (2) that she has the capacity to return to work as a skilled credit analyst.

While an ALJ must confront evidence that does not support his conclusion, "[a]n ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1054. The ALJ discussed Plaintiff's mental impairments and cognitive limitations throughout his decision. He chronologically reviewed Plaintiff's medical records from 2014 through 2020, noting Plaintiff's 2015 diagnosis of a neurocognitive disorder due to TBI and her 2019 diagnosis of a depressive disorder with anxiety symptoms. R. 22. He acknowledged Plaintiff's reports of memory issues, problems with crowds, and issues with anxiety. R. 23. The ALJ considered assessments in which clinicians indicated that Plaintiff has marked mental limitations. He evaluated those assessments, finding them inconsistent with other evidence and unpersuasive because they "lack explanation and lack specific functional limitations, particularly as the author only checked off boxes or circled words." R. 27. He discussed Plaintiff's testimony, physicians' observations of her demeanor, and the results of the psychological consultative examination. R. 23. Although Plaintiff may disagree with how the ALJ weighed the evidence and the conclusions the ALJ drew from that evidence, this Court does "not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's." *Gedatus*, 994 F.3d at 900.

None of the "disregarded" evidence that Plaintiff highlights, "reveals any substantially different information" about Plaintiff's limitations than the evidence that the ALJ did discuss. *Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021). For example, the ALJ did not discuss Plaintiff's problems with a former supervisor. Plaintiff reported that this supervisor bullied her. R. 23. Despite the "bully[ing]," Plaintiff reported remaining "respectful and kind," and, aside from

that one supervisor, she "always got along with [her] customers [and] management." R. 316. The fact that a former supervisor bullied Plaintiff is not evidence that Plaintiff has cognitive impairments that prevent her from working as a credit analyst. The same is true for Plaintiff's diarrhea. While Plaintiff's medical records indicate that she was diagnosed with chronic diarrhea, her doctors prescribed her medication and later noted that her condition was "improving." R. 408. Plaintiff testified that panic attacks or anxiety would cause severe diarrhea, but that she no longer has many panic attacks due to the success of her medication. R. 53. Even when her condition of diarrhea was severe, there was no evidence in the record as to how long the diarrhea caused Plaintiff to be off task. For example, a physician noted Plaintiff's report that the diarrhea would occur up to three times a day, and Plaintiff testified that driving to work had caused issues with the diarrhea, but there is no indication how these episodes translated to an impact on work hours. R. 53, 402. *See Wilder v. Kijakazi*, 22 F.4th 644, 651 (7th Cir. 2022) (Plaintiff "bears the burden of proving that her impairments are so severe that they prevent her from performing any substantial gainful activity."). Thus, remand is not required based on the ALJ's failure to include this issue in his analysis. As for Plaintiff's claim that ALJ mischaracterized the evidence when he stated, "[r]ecords note medication was successful in controlling [Plaintiff's] anxiety," R. 22, the ALJ's statement was an accurate summary of medical records from 2017. R. 395, 397. The ALJ also considered subsequent medical records indicating that Plaintiff's anxiety remained unresolved, including a psychiatrist's observations of Plaintiff's anxious mood in 2019. R. 22. Despite the Plaintiff's assertions of error, the ALJ did not "ignore an entire line of evidence supporting a finding of disability." *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010).

In sum, the ALJ did not "cherry pick" evidence supporting a finding of non-disability. Instead, the ALJ built a logical bridge between the evidence and his conclusion that Plaintiff had an RFC to perform light work, was able to perform past relevant work as a credit analyst, and therefore was not disabled.

## CONCLUSION

The decision below is affirmed. Final judgment will be entered accordingly.

Date: September 30, 2024

ENTER:

_Margaret J. Schneider_
United States Magistrate Judge